Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7869 | **DATE** | 4/29/2004 |
| **CASE TITLE** | Owner-Operator Independent Drivers Association, Inc., et al. v. Bulkmatic Transport Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____, Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10)■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the court denies Defendant's Motion to Dismiss (Doc. #13).

(11) [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 0 3 2004 date docketed | |
| | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| aed/lc | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OWNER-OPERATOR INDEPENDENT )
DRIVERS ASSOCIATION, INC., et al., )
)
)
Plaintiffs, )
) No. 03 C 7869
v. )
) HONORABLE DAVID H. COAR
)
BULKMATIC TRANSPORT CO., )
)
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Owner-Operator Independent Drivers Association, Inc., *et al.* filed a three-count complaint against defendant Bulkmatic Transport Co. pursuant to 49 U.S.C. §§ 14102 and 14704, *et seq.* In their complaint, plaintiffs allege that defendant violated the federal Truth-in-Leasing regulations, 49 C.F.R. Part 376, which govern the leases between defendant and individuals who lease their trucking equipment to defendant. Defendant's Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss is now before the court. For the reasons set forth below, the motion is denied.

**I. Motion to Dismiss Standard**

In its Rule 12(b)(6) motion, defendant asserts that plaintiffs have failed to state claims upon which relief may be granted. In reviewing such a motion, the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiffs. *See Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002). A complaint should be dismissed only if there is no set of facts in support of the claim that would entitle the plaintiffs to

relief. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997).

## II. Background

The Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. §§ 10101, *et seq.* ("ICCTA"), transferred the motor carrier regulatory functions previously vested in the Interstate Commerce Commission to the Department of Transportation ("DOT") and the Surface Transportation Board. *See* 49 U.S.C. § 13501. The federal Truth-in-Leasing regulations, 49 C.F.R. Part 376, govern the leases between motor carriers and owner-operators of trucks. These regulations were initially promulgated pursuant to 49 U.S.C. §§ 13301 and 14102. With the Motor Carrier Safety Improvement Act of 1999, Congress transferred to the new Federal Motor Carrier Safety Administration ("FMCSA") all "duties and powers related to motor carriers or motor carrier safety vested in the Secretary [of Transportation] by chapters . . . 133 through 149 . . . ." 49 U.S.C. § 113(f)(1). The Secretary thereby, in relevant part, delegated his authority over the federal leasing regulations to FMCSA. *See* 49 C.F.R. §§ 1.73(a)(2), (6), (8).

Defendant is a regulated motor carrier that transports property in interstate commerce under authority issued by DOT. It does so utilizing tractors and driving services leased from owner-operators (*i.e.*, independent truckers). Plaintiff Owner-Operator Independent Drivers Association, Inc. ("OOIDA") is an association, some of whose owner-operator members (including the individual plaintiffs) have leased their trucking equipment, with a driver, to defendant. In that connection, defendant has entered into lease agreements with the individual plaintiffs, as well as with potential class members.[1]

In Count I of the complaint, plaintiffs allege that the subject lease agreements do not

---

[1] Plaintiffs filed this cause as a class action, but have not yet moved for class certification.

contain all of the provisions, or the precise wording, required by the applicable leasing regulations. *See* 49 C.F.R. § 376.12. In Count II of the complaint, they allege that defendant failed to provide rated freight bills to owner-operators on request, in violation of 49 C.F.R. § 376.12(g). Plaintiffs allege in Count III that defendant understated its gross revenue before calculating plaintiffs' percentage-of-revenue compensation, thus underpaying them, in violation of 49 C.F.R. § 376.12(d), (g).

Plaintiffs seek declaratory and injunctive relief, restitution, disgorgement, monetary damages, and attorneys' fees.

## III. Analysis

### A. Section 14704(a) Creates Private Rights of Action.

Defendant argues foremost that plaintiffs' claims for declaratory and injunctive relief and damages must be dismissed because section 14704[2] does not confer upon plaintiffs a private right of action to seek such relief. As plaintiffs point out in their opposition brief, the Eighth Circuit

---

[2] In pertinent part, 49 U.S.C. § 14704 provides:

**§ 14704. Rights and remedies of persons injured by carriers or brokers**

**(a) In general.--**
(1) **Enforcement of order.** A person injured because a carrier or broker providing transportation or service . . . does not obey an order of the Secretary or the Board, as applicable, . . . , except an order for the payment of money, may bring a civil action to enforce that order under this subsection. A person may bring a civil action for injunctive relief for violations of section 14102 and 14103.
(2) **Damages for violations.** A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part.
**(b) Liability and damages for exceeding tariff rate.** A carrier providing transportation or service subject to jurisdiction under chapter 135 [49 USCS §§ 13501 et seq.] is liable to a person for amounts charged that exceed the applicable rate for transportation or service contained in a tariff in effect under section 13702.

. . .

-3-

Court of Appeals squarely rejected the position now advanced by defendant – and did so in an opinion that this court finds thoroughly explained and soundly reasoned. *See Owner-Operator Indep. Drivers Ass'n v. New Prime, Inc.*, 192 F.3d 778 (8th Cir. 1999), *cert. den.*, *New Prime v. Owner-Operators Indep. Drivers Ass'n, Inc.*, 529 U.S. 1066 (2000) (holding that section 14704(a)(2) creates a private right of action for injunctive relief and damages for violations of the federal Truth-in-Leasing regulations).[3] This court finds more persuasive the reasoning of the courts that have rejected, rather than embraced, the arguments now advanced by defendant in this vein.

Defendant contends first that the plain language of section 14704(a)(1) establishes that it authorizes private suits to enforce only an "order" of the Secretary of Transportation relating to the federal leasing regulations, and not the regulations, themselves. Defendant contends that the second sentence, with its reference to "injunctive relief," merely provides an additional "fencing-in" form of relief in an action to enforce an order of the Secretary, and not a stand-alone right to sue a carrier directly for injunctive relief. Moreover, defendant contends that allowing owner-operators to bring individual claims for injunctive relief would be inconsistent with the general

---

[3] *See also Owner-Operator Indep. Drivers Ass'n v. C.R. England, Inc.*, No. 2:202CV-950TS, transcript at 14 (D. Utah Jan. 15, 2004) (adopting the Eighth Circuit's analysis and rejecting defendant's argument that plaintiffs had no private right to sue for enforcement of federal leasing regulations); *Owner-Operator Indep. Drivers Ass'n v. Swift Transp. Co., Inc.*, No. CV 02-1059, slip op. at 2 (D. Ariz. Oct. 16, 2002) (adopting the Eighth Circuit's analysis and rejecting defendants' argument that plaintiffs lacked private right of action under 49 U.S.C. § 14704(a)(1) & (2) to enforce federal leasing regulations); *Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit Inc.*, 161 F. Supp. 2d 948, 955 (S.D. Ind. 2001) (adopting the Eighth Circuit's analysis and concluding that section 14704(a) provides an independent right of action for damages and injunctive relief to parties injured by a carrier); *see also Bonkowski v. Z Transport, Inc.*, No. 00 C 5396, 2004 U.S. Dist. LEXIS 3534 (N.D. Ill. Mar. 5, 2004); *Owner-Operator Indep. Drivers Ass'n v. Ledar Transport*, No. 00-0258-CV-W-2-ECF, 2000 U.S. Dist. LEXIS 16271 (W.D. Mo. Nov. 3, 2000); *Owner-Operator Indep. Drivers Ass'n v. Arctic Exp., Inc.*, 87 F. Supp. 2d 820 (S.D. Ohio 2000).

statutory scheme for enforcing the federal leasing regulations. *See* 49 U.S.C. § 14701(a) & 14702(a); *see also* 49 U.S.C. § 14703. On this basis, defendant contends that Congress vested the FMCSA with exclusive authority to seek injunctive relief for regulatory violations.

In line with the plain language of sub-section (a)(1), this court must reject defendant's arguments. In *New Prime*, the court of appeals determined that the first sentence of sub-section (a)(1), with its use of the word "order," by its terms creates a private right of action limited to the enforcement of agency orders. *New Prime*, 192 F.3d at 783. The court further found, however, that by its plain language, the last sentence of section 14704(a)(1) is not so limited and instead creates a private right of action for injunctive relief, including for violations of section 14102 and of the leasing regulations promulgated under that section (which, itself, merely authorizes the adoption of leasing regulations). *Id.* at 783-84.[4] This court concurs with the Eighth Circuit's analysis and holds that section 14704(a)(1) is not limited in the manner proposed by defendant, but instead authorizes plaintiffs to seek injunctive relief herein.

Defendant's argument concerning the unavailability of a private right of action for owner-operators to seek monetary damages is likewise grounded in its proposed interpretation of the plain statutory language of section 14704. Defendant contends that because three other sub-sections within section 14704 contain the phrase "a person may bring a civil action" and sub-section (a)(2) does not (and instead contains the phrase "a carrier is liable"), sub-section (a)(2) does not confer a private right of action upon owner-operators to sue for damages. *See* 49 § 14702. For this reason and because sub-section (a)(2) is included within the same paragraph as

---

[4] The court of appeals' consideration of the relevant legislative history bolstered its conclusion that the last sentence was not related to or limited by the earlier part of the sub-section dealing with "orders." *Id.* at 784.

-5-

sub-section (a)(1), which is titled "Enforcement of order," defendant contends that sub-section (a)(2) merely authorizes an owner-operator or other private individual who has brought a civil action under section 14704(a)(1) to enforce an order of the Secretary/FMCSA to seek damages therein. Finally, defendant points to the absence of a specific statute of limitations for actions brought under sub-section (a)(2) as evidence that Congress did not intend to create a private right of action thereunder. *Cf.*, 49 U.S.C. § 14705(e) (establishing one-year statute of limitations for civil actions brought under section 14704(a)(1) to enforce agency orders); 49 U.S.C. § 14705(b) (establishing 18-month statute of limitations for civil actions brought under section 14704(c)(1) to recover overcharges).

Again, in line with the plain language of the relevant statutory provisions, this court must reject defendant's argument and allow plaintiffs to pursue their damages claims. As did the court of appeals in *New Prime*, this court declines to read sub-section (a)(2) as limited by its proximity to sub-section (a)(1) to actions for enforcement of agency orders. *See New Prime*, 192 F.3d at 784. "They are separate parts of § 14704(a), which is entitled, 'In General.'" *New Prime*, 192 F.3d at 784. This court also declines to find in the use of the differing phrases "[a] person . . . may bring a civil action" and "a carrier is liable" within section 14704 the meaning urged by defendant (*i.e.*, that sub-section (a)(2) is not intended to create a private right of action). *See New Prime*, 192 F.3d at 784-85. Notwithstanding "these linguistic imperfections and inconsistencies, the most logical reading of the language of § 14704(a)(2) is that it authorizes private parties to sue for damages for carrier conduct in violation of [regulations promulgated under] this part."

*New Prime*, 192 F.3d at 785 (internal quotations omitted).[5] Finally, contrary to defendant's contention, the absence of a specific statute of limitations does not militate against recognition of sub-section (a)(2)'s creation of a private right of action. First, this court has confirmed the existence of a private right of action for damages based upon the plain language of the statute. In any event, as other courts have noted, the absence of a specific statute of limitations is not dispositive of Congressional intent, in light of Congress' creation of a default limitations period of four years. *See* 28 U.S.C. § 1658 (instituting default statute of limitations of four years for all damages where the limitations period is not specifically set forth in the respective legislation). *Cf.*, *Reneteria v. K & R Transportation, Inc.*, No. CV98-290MRP, 1999 U.S. Dist. LEXIS 22620, at *13-14 (C.D. Cal. Feb. 23, 1999) (lack of applicable statute of limitations for section 14704(a)(2) deemed persuasive support for notion that Congress did not intend to create a private cause of action thereunder).

Defendant's motion to dismiss on the grounds that plaintiffs' requests for injunctive and declaratory relief and damages are not authorized by the statute is denied.

**B. The Applicable Statute of Limitations Is Four Years.**

Alternatively, defendant contends that the two-year statute of limitations contained in 49 U.S.C. § 14705(c)[6] should apply to plaintiffs' claims for damages and that any claims for

---

[5] Reinforcing its conclusions regarding section 14704's creation of private rights of action for injunctive relief and damages was the court's consideration of the relevant legislative history. *See New Prime*, 192 F.3d at 781-83. *See also* H.R. Rep. No. 104-311, at 87-88, 120-21 (1995), reprinted in 1995-2 U.S.C.C.A.N. 793, 799-800, 906-07.

[6] In pertinent part, section 14705 provides:

**§ 14705. Limitation on actions by and against carriers**

**(a) In general.** A carrier providing transportation or service subject to jurisdiction under

damages that accrued prior to November 5, 2001 should, therefore, be dismissed. Defendant contends that, as a matter of statutory interpretation, the court *must* accept this proposition if it rejects the argument that there is no private right of action to sue for damages under section 14704(a)(2). Specifically, defendant claims, "either Congress did not intend to create a private right of action for damages for violations of the leasing regulations, or Congress intended to create a private right of action with a two-year, not four-year, statute of limitations." (Def. Reply, p. 2). Plaintiffs, conversely, contend that because the statute does not specify the statute of limitations for the particular claims raised by them, the four-year default statute of limitations shall apply. *See* 28 U.S.C. § 1658 (instituting default statute of limitations of four years for all damages where the limitations period is not specifically set forth in the respective legislation). This court agrees with plaintiffs.

As noted above, plaintiffs seek damages pursuant to section 14704(a)(2), which does not specify a statute of limitations for actions brought pursuant thereto. In support of its argument against recognition of a private right of action, defendant concedes as much, stating "[n]either § 14705 nor any other provision of the Act establishes a statute of limitations for Plaintiffs'

---

chapter 135 [49 USCS §§ 13501 et seq.] must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues.
**(b) Overcharges.** A person must begin a civil action to recover overcharges within 18 months after the claim accrues. If the claim is against a carrier providing transportation subject to jurisdiction under chapter 135 [49 USCS §§ 13501 et seq.] and an election to file a complaint with the Board or Secretary, as applicable, is made under section 14704(c)(1), the complaint must be filed within 3 years after the claim accrues.
**(c) Damages.** A person must file a complaint with the Board or Secretary, as applicable, to recover damages under section 14704(b) within 2 years after the claim accrues.
. . .
**(e) Payment.** A person must begin a civil action to enforce an order of the Board or Secretary against a carrier within 1 year after the date of the order.
. . .

asserted private right of action for damages under § 14704(a)(2)." (Def. Mem., pp. 6-7). Defendant contends that this omission was a scrivener's error. Specifically, it contends that section 14704(a)(2) should have been enacted as part of 49 U.S.C. § 14704(b), to which a two-year statute of limitations applies pursuant to 49 U.S.C. § 14705(c). Defendant also contends that applying the statute as written would lead to absurd results that Congress could not have intended, including that two different limitations periods would apply to violations under one particular sub-section of the statute and that different limitations periods would apply to claims involving different types of carriers (*e.g.*, motor *v.* rail). Defendant mines the relevant legislative history and makes a reasonably persuasive argument in favor of declaring a scrivener's error and imposing a two-year statute of limitations upon the claims raised by plaintiffs.

The parties agree that, of the four district courts that have had occasion to address this issue, three have applied the four-year default limitations period and only one has applied the two-year limitations period set forth in section 14705(c). *Compare Fitzpatrick*, 261 F. Supp. 2d at 982-86 (invoking rule recognizing a scrivener's error based upon the legislative history of the statute and the Surface Transportation Board's belief that an error exists and concluding that the two-year limitations period contained in section 14705(c) applies to claims brought under section 14704(a)(2)) *with C.R. England*, transcript at 14-15 (concluding that general four-year limitations period applies); *Owner-Operator Independent Drivers Ass'n v. Ledar Transport*, No. 00-0258-CV-W-FJG, slip op. at 9-11 (Jan. 7, 2004) (same; statute is not ambiguous, and four-year limitations period applies to claims brought under section 14704(a)(2)); and *Owner-Operator Independent Drivers Ass'n v. Heartland Express of Iowa*, No. 0-01-80179, slip op. at 7 (S.D. Iowa Feb. 4, 2003) (same; "[b]ecause this court believes that Section 14704 is not so ambiguous

on its face with regard to the damage recovery period, [sic] as to require a rewriting, the court need not look beyond the text to the legislative history or the statutory scheme"). Defendant contends that the *Fitzpatrick* court conducted the requisite comprehensive examination of ICCTA's structure and history but that the other three district courts, failing to recognize the ambiguity inherent in section 14704 and 14705, did not and instead summarily found that the four-year default limitations period applies.

Indeed, the *Fitzpatrick* court's treatment of this issue is facially thorough, reasoned, and compelling. Moreover, Congress' designation of specific statutes of limitations for some causes of action under section 14704 but not others is curious. However, as a threshold matter, this court concludes that the statute is not ambiguous in the respect alleged herein: although the statute expressly sets forth limitations periods pertaining to certain sub-sections, it does not do so with respect to sub-section (a)(2) (the sub-section pursuant to which plaintiffs seek damages). Moreover, it is not clear to the court that applying the statute as written would lead to an absurd result. Thus, it is unnecessary for this court to analyze the relevant legislative history (or to analyze and/or defer to the interpretation rendered by the Surface Transportation Board). Even if it were appropriate for the court to do so, the court would not likely find therein justification to conclude both that sub-section (a)(2) should have been enacted as part of sub-section (b) and, much more radical, that sub-section (c)(5) should be re-written to apply to court actions, and not merely to complaints filed with the Board or Secretary (to which it is clearly limited, by its express terms). Additionally, this court is inclined to view defendants' invocation of the "scrivener's error" rule as inapt, given the radical and substantive nature of the proposed changes. *Cf., United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am.*, 508 U.S.

-10-

439, 462 (1993); *Johnson v. McNeil*, 217 F.3d 298, 300 (5th Cir. 2000). Congress may very well determine at some time in the future that the re-writing of the statute is necessary to give effect to its intent, both in terms of a specific statute of limitations for violations of the leasing regulations and its general purposes in enacting the statute. Nonetheless, this court declines to take, itself, the extraordinary step of rewriting the statute in the manner requested by defendant.

The default four-year statute of limitations shall apply to the claims raised by plaintiffs herein, and defendant's motion to dismiss damages claims that accrued prior to November 5, 2001 is denied.

### C. The Doctrine of Primary Jurisdiction Does Not Warrant a Stay.

In a last-ditch attempt to avoid or postpone this court's adjudication of plaintiffs' claims, defendant argues that the case should be stayed pursuant to the doctrine of primary jurisdiction. Specifically, defendant contends that a stay should be ordered pending a ruling by the FMCSA as to the proper standard for compliance with the leasing regulations. Defendant contends that "substantial compliance" is the applicable standard by which to assess allegations of leasing regulations violations, as opposed to a standard of "literal compliance." Conversely, plaintiffs contend that the applicability of the "substantial compliance" standard is not implicated by their allegations in this suit, which they contend present "an issue of whether Defendant complied at all." (Pl. Opp., p. 13). They further contend that, in any event, the doctrine of primary jurisdiction is inapplicable herein because defendant has not pointed to the existence of an issue that requires the specialized expertise of an agency or an agency that is willing to accept and decide the issue. *See Reiter v. Cooper*, 507 U.S. 258, 268-69 (1993). This court agrees with plaintiffs, insofar as it finds that a stay is not warranted.

Simply, defendant has not convinced the court that a determination of the proper legal standard to be applied in this case requires the special expertise of the FMCSA. As defendant concedes in its reply brief, the courts are no longer split concerning the general legal standard to be applied to allegations of leasing regulations violations. Defendant's bare, conclusory assertions that this issue falls within the FMCSA's special expertise and must be decided by the FMCSA to achieve uniform administration of the regulatory scheme are unavailing. In fact, defendant has brought to the court's attention two relatively recent district court decisions holding that the "substantial compliance" standard is the appropriate legal standard.[7]

In sum, the court finds that the doctrine of primary jurisdiction is inapplicable and denies the requested stay. *See, e.g., Arctic Express*, 87 F. Supp. 2d at 831-32; *see also New Prime*, 192 F.3d at 785-86 (refusing to compel FMSCA's predecessor to exercise its jurisdiction, which it had declined to do in parallel proceedings under similar circumstances).

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied in its entirety.

Enter:

David H. Coar
United States District Judge

**Dated: April 29, 2004**

---

[7] The court will reach its own determination of this legal issue if and when it is presented to the court in the litigation of this case; it would be premature for the court to rule at this time upon the proper legal standard pertaining to the substantive adjudication of plaintiffs' claims (as defendant suggests it should do).